Your Honors, Robert Warren. I'm representing Gibson, Dunn & Crutcher. And may I confirm that it's a ten-minute argument? Yes, I would like to reserve two minutes. As the Court undoubtedly knows, this is a case involving a six-figure sanction imposed upon the firm of Gibson, Dunn & Crutcher because one of its lawyers sought the assistance of counsel for a witness in rescheduling a deposition, which was in fact rescheduled. Well, you had actual notice, though, did you not, through the e-mail? I mean, I know you claim that it wasn't the proper form by which you should have been given notice, but there's no question here that factually you did have notice, correct? There's no question that we received the e-mail and that the lawyer in question noted the e-mail when it was received. Right. It is also the question it was scheduled sometime before, and the only difference is whether the last e-mail made any difference. Well, the deposition was originally noticed in the first part of 2004. There was a Rule 5 notice given to Gibson, Dunn & Crutcher. The deposition clerks put it on the calendar. A subpoena was issued to the witness, and the deposition was not taken on the date that the subpoena indicated, namely August 17 of 2004. Well, but just a minute. There was a deposition sent on January the 12th, 2005, notice of deposition sent. That was the second. That was the new notice of deposition. And then on February the 11th, there was an amended notice of deposition. Yes. That was also. And on February the 16th, the location was changed by the e-mail. No, the location was changed by a call to Gibson, Dunn & Crutcher to advise Gibson, Dunn & Crutcher that the location of the deposition scheduled for the next day was being changed. It was that that triggered the flurry of activity, because Gibson, Dunn & Crutcher did not have the deposition on the calendar. The evidence here indicates there were some 50 depositions in this case, all set except for one that was set by agreement by Rule 5 notices. It's also the evidence, uncontradicted evidence, that Gibson, Dunn & Crutcher had a calendar that was automatically created by paralegals from Rule 5 notices. There is a reason that Rule 5 has requirements for service. There is a reason that it says that electronic service under Rule 5 is not service unless it is consented to in writing. And there is a reason that the advisory committee note to that rule says that consent is not to be implied from conduct. It is, as indicated in. Sotomayor, is that rule applied to third parties? Pardon? Does that rule apply to third-party depositions? Rule 5? Yes. It seems that that's just the rule that applies to the parties. That's customarily correct. But let us assume the situation we have here. Let us assume that we have a situation in which the witness is not under subpoena. Let's also assume, as the record indicates, that Mr. Battaglia, who was the person talking with counsel on the 16th, for the first time was talking with counsel for that witness. That was a finding of the magistrate. Let's also assume that Mr. Battaglia knows nothing about that counsel except what he discovers during those conversations. Let me ask you this. Are we supposed to make a de novo review here and not rely upon the magistrate's findings in light of the objections that were filed? You're supposed to my understanding of the law would be that the overall test of a sanctions order is abuse of discretion, but that when the underpinnings of the sanctions order involve legal issues and when they involve waiver, there is a de novo review of those points.  and when they involve waiver, there is a de novo review of those points. I only understand that we would review de novo if there was an application of the law which was incorrect. That's correct. That's my point. Well, as I understand it, Gibson-Dunn does not even dispute that it signed up for the CMECF system. Oh, no, we do not dispute that we did that about the month before, but it's also And thus under the local rules, it agreed to electronic submission. No, that is not correct. It agreed. Well, under the local rules, if you sign up for the CMECF system, you do agree to electronic submission. You do not agree to electronic submission of everything. You agree only to what is covered by the rule. And the rule covers only filed documents.  And it is concurrently served upon counsel electronically. And it applies only to filed documents. And Gallo did not purport to use that system for this purpose. Don't you think all of that is trumped by the fact that you have actual notice and you're not even contesting that? No, it does not. Because, for example, the Magnuson case decided by the Ninth Circuit, which involved the document required to be served under Rule 5. It was a Rule 68 settlement proposal. And it was served, instead of being served under Rule 5 by mail, it was served, one, by fax, and two, by FedEx. And this Court ---- Mr. Warren? Yes. I have some knowledge of your practice, even though I'm in Idaho. It doesn't seem to me that it is a smart principle on the part of Gibson-Dunn to argue with counsel about what they should do or what they shouldn't, but they should go to the Court. Did the ---- did Gibson-Dunn ever file anything with the Court? No. There were two ---- But they didn't do anything like that. All they did was argue about it. No. Why didn't they file? Because when the notice was first received, which was on January 11, 2005, the ---- it never got on the calendar, and nobody took any action with respect to it at all because ---- But you knew about it. But you knew about it. A certain subset of lawyers knew they had received an e-mail. They did not know that there was no Rule 5 service that would trigger the deposition calendar. If I may, you have some further concerns here. First of all, it seems to me that this was sort of the icing on the cake, that there is a long history here that was well documented by the magistrate judge of all sorts of concerns he had about your firm's conduct throughout the entire deposition phase of discovery, number one. And second of all, it concerns me greatly whether or not you crossed the line when you, you know, spoke to Anderson's attorney. And, you know, what do you say about those two issues? I say the following. Number one, the district court confirmed in its order on reconsideration that, quote, the facts pertinent to the instant motion are confined to the events surrounding the deposition of Anderson, which was scheduled for February 17, 2005, close quote. And that's correct. The magistrate indicated that background, that prior orders were to be considered as background only. The sanctions ultimately awarded related exclusively to the cost of the hearing on the deposition motion. And if the Court reads what I think is pages 15 to 22 of the excerpts of record, portions of the magistrate's opinion entitled Prior Orders, one will see that over the course of the litigation there was ample criticism directed to both sides. And I ---- Well, let me change back to where I was. All right. If, in fact, you didn't ever give any notice to the Court, you didn't ever go to the Court to do anything, why is not Federal Rule of Civil Procedure 32d then absolutely applicable, which says to the notice, an objection to an error or irregularity in a deposition notice is waived unless promptly served in writing on the party giving the notice? Yes. And that rule applies to the error or irregularity in the notice served. It does not relate to the manner of service. It does not trump Rule 5. Where do you find that case? I didn't find that case. In fact, when I practiced in Federal Court, 32d was a big deal to me. If I didn't agree with something that happened from the other side, I had to give some written notice. I not only gave written notice to the other party, I gave it to the Court. Yes, indeed, Your Honor. And it wasn't given here. But that relates to what is served. That is the – that is exactly the case of the Haley v. Barber case that the district court decided. Well, it looks like your firm was the judge here as well as the litigants. Oh, absolutely not. You should have erred on the side of caution, a firm of your nature and reputation. The side of caution? On the side of caution, to notify the Court to complain in writing, to do something other than to sit on your haunches and contact Anderson's lawyer. No attorneys decided to sit on their haunches. What happened is the e-mail was received. There was a system in place to call for deposition. That's your whole case. You had a system in place, and therefore you shouldn't be penalized, right? Well, shouldn't be penalized for not realizing that there was not a notice that the system picked up and then not recollecting that among all of the e-mails that each counsel receives every day, there was an e-mail that included a notice of a deposition. That is correct. Lawyers are not perfect machines. They receive information, they receive e-mails, but they depend upon regularity in the proceedings. And deposition after deposition in this cause was set up in accordance with Rule 5. Isn't it not incumbent upon the person who departs from Rule 5 to justify why that was done, instead of departing from it and then saying, oh, you should have caught it? Thank you. We've heard your argument. All right. Thank you. Good morning. May it please the Court. My name is Steve Williams. I'm here today extensively on behalf of E&J Galawannery, but I'm going to say, have you heard all the questions that have been asked here? Yes, I have, Your Honor. Is there anything you really need to say to the Court now? Just one thing, if I may. All right. I just wanted to respond, pick up on one point, which is we're not here because a lawyer sought the assistance of counsel. We're here because a judge sought to control the conduct of litigants in its courtroom time and time again. His warnings to comport with appropriate conduct were ignored, and that's why we're here today. Thank you. Thank you. This case is submitted.
judges: Block, Goodwin, Smith N. R.